1  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
2  Christopher S. Hall, #203901
   Daniel S. Cho, #260902
3  7647 North Fresno Street
   Fresno, California 93720
4  Telephone:  (559) 433-1300
   Facsimile:  (559) 433-2300
5
   Attorneys for Defendant
6  CALBAG METALS CO.

7

8 UNITED STATES DISTRICT COURT

9 EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

| | |
|---|---|
| ELECTRONIC RECYCLERS INTERNATIONAL, INC., a corporation,<br><br>Plaintiff,<br><br>v.<br><br>CALBAG METALS CO., a corporation, and DOES 1 to 100, inclusive<br><br>Defendants. | Case No. 1:14-CV-01352 --- SMS<br><br>**EX PARTE APPLICATION AND ORDER EXTENDING DEADLINE FOR FILING ANSWER OR RESPONSE TO COMPLAINT**<br><br>*[Filed concurrently with Declaration of Daniel Cho]*<br><br>**[NO HEARING REQUIRED]**<br><br>Complaint Filed:   August 28, 2014 |

### EX PARTE APPLICATION FOR EXTENSION OF TIME

Defendant CALBAG METALS CO. ("Defendant") hereby applies to this Court for an order extending the deadline to file its Answer or otherwise respond to Plaintiff's Complaint on the grounds that good cause exists due to Defendant's recent retention of the undersigned counsel and current unavailability of said counsel who is currently traveling in New York.  Pursuant to Local Rule 144(c), Defendant now applies ex parte for an <u>initial</u> extension of time for Defendant to file an answer or to otherwise respond to the Complaint, because Plaintiff has unreasonably refused to stipulate to such extension.  Specifically, Plaintiff has refused to grant an extension *unless Defendant agrees to file an Answer only, and waive its substantive rights to otherwise challenge Plaintiff's Complaint.* (Declaration of Daniel S. Cho ("Decl. Cho") ¶8.)  On September 26, 2014, Defendant's counsel

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

EX PARTE APPLICATION FOR [PROPOSED] ORDER EXTENDING DEADLINE FOR FILING ANSWER OR RESPONSE TO COMPLAINT

notified Plaintiff's counsel that Defendant intended to file its ex parte application in light of Plaintiff's refusal to stipulate to allow Defendant an extension of time to file an answer or other type of responsive pleading to the Complaint. (Decl. Cho ¶8.) This Application is based on the attached Memorandum of Points and Authorities, the accompanying Declaration of Daniel Cho, all the pleadings in the case, and such other arguments as may properly come before this Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### BACKGROUND STATEMENT

Plaintiff ELECTRONIC RECYCLERS INTERNATIONAL, INC. ("Plaintiff") filed its Complaint for Damages for (1) Breach of Contract, (2) Fraud/Constructive Fraud (3) Negligent Misrepresentation (4) Breach of Covenant of Good Faith and Fair Dealing and (5) Violation of Business and Professions Code Section 17200 ("Complaint") against Defendant on August 28, 2014. Plaintiff purported to serve Defendant on or about September 10, 2014, although Plaintiff's service of process was questionable. (Decl. Cho ¶4.) Notwithstanding, if the service date of September 10, 2014 is correct, Defendant's response to the Complaint would be due on October 1, 2014. (Decl. Cho ¶5.) Defendant has not requested or received any prior extensions from Plaintiff to respond to the Complaint. (Decl. Cho ¶6.) Daniel Cho, Defendant's counsel was formally retained to represent Defendant on September 24, 2014. (Decl. Cho ¶7.) Mr. Cho has been in New York since September 20, 2014 and will return on September 29, 2014. (Decl. Cho ¶7.)

Given Mr. Cho's recent retention on September 24, 2014 and current unavailability, he has not yet obtained, nor been able to review, his client's documents regarding this matter. (Decl. Cho ¶7.) On the very next day following his engagement, Mr. Cho sent an email to Plaintiff's counsel, Anthony Nguyen, requesting an extension to answer or otherwise respond to the Complaint up to and including October 29, 2014 (i.e., 28 days), which is permitted upon written stipulation without further order of the Court pursuant to Local Rule 144. (Decl. Cho ¶8.) However, Plaintiff (through its counsel Mr. Nguyen) would only allow a two week extension upon the condition that Defendant file an Answer only **and no other type of responsive**, despite the fact that the Court ordinarily will grant an initial extension as a matter of course under the circumstances here, as provided in Local Rule 144(c).

(Decl. Cho ¶¶8-9.)

Plaintiff and its counsel's attempt to withhold and condition an extension upon a waiver of Defendant's substantive rights is both unreasonable and unprofessional, and has now necessitated Defendant to file this instant application, causing the Court to be unnecessarily burdened by a matter that is commonly one of professional courtesy.

## II.

## LAW AND ARGUMENT

**A.  A Request For Extension Of Time To Respond to a Complaint May Be Made By Ex Parte Application.**

An ex parte application is recognized as an appropriate procedure for seeking an extension of time to file a pleading.  See *Gallo Winery v. Andina Licores S.A.,* 2006 U.S. Dist. Lexis 20113, *1-2 (E.D. Cal. 2006); *Hall v. Placer County Sheriff's Department*, 2013 U.S. Dist. Lexis 114348, *1 (E.D. Cal. 2013); *Stewart v. Wachowski*, 2005 U.S. Dist. Lexis 46704, *33 (C.D. Cal. 2005).)

An ex parte motion is proper where the court does not typically need an adversary presentation from the other side in order to make its ruling.  See, *In Re Intermagnetics America, Inc.* (C.D. Cal. 1989) 101 B.R. 191, 193. Local Rule 144(c) provides the Court may grant an initial extension *ex parte* upon affidavit of counsel that a stipulation cannot be reasonably obtained, the reasons why such stipulation cannot be obtained, and the reasons why the extension is necessary.

**B.  The Court Should Grant Defendant's Ex Parte Application to Extend the Time to Response to the Complaint.**

Here, Defendant cannot reasonably obtain an extension, because Plaintiff has unreasonably refused to stipulate to an extension, unless Defendant waives its substantive right to challenge Plaintiff's Complaint.  Defendant engaged its counsel, Mr. Cho, on September 24, 2014.  Mr. Cho is currently in New York and has not yet obtained his client's documents to review the file.  While Mr. Cho expects to return from New York on Monday, September 29, 2014, he is handling other matters in addition to this instant action, that require a 28-day extension, which is necessary so that he may meet with his client, review and analyze his client's documents and law, and  prepare an Answer or other responsive pleading on behalf of Defendant.  (Decl. Cho ¶12.)

This is Defendant's first extension request, which should be granted because, Plaintiff will not be prejudiced by the extension whereas Defendant will be severely prejudiced if it does not receive the extension. At all times, Defendant has acted diligently and with good cause in moving for this extension. Respectfully, Defendant requests that this Court grant this ex parte application.

Dated: September 26, 2014              McCORMICK, BARSTOW, SHEPPARD,
                                       WAYTE & CARRUTH LLP


                              By: ___*/s/ Daniel S. Cho*___
                                  Christopher S. Hall
                                  Daniel S. Cho
                                  Attorneys for Defendant
                                  CALBAG METALS CO.


## **ORDER GRANTING EX PARTE APPLICATION**

Defendant having shown good cause for the extension of time to file an Answer or Response to Plaintiff's Complaint, this Court grants Defendant's Ex Parte Application and orders Defendant's Answer or other responsive pleading to be filed and served on or before October 29, 2014.

IT IS SO ORDERED.


DATED: 9/29/2014                       /s/ SANDRA M. SNYDER
                                       UNITED STATES MAGISTRATE JUDGE

00121-00003 3102904.1

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4
EX PARTE APPLICATION FOR [PROPOSED] ORDER EXTENDING DEADLINE FOR FILING ANSWER OR RESPONSE TO COMPLAINT