UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELECTRONIC RECYCLERS INTERNATIONAL, INC., | No. 1:14-CV-01352-KJM-SMS |
| Plaintiff, | |
| v. | ORDER |
| CALBAG METALS CO. and DOES 1 to 100, inclusive,[1] | |
| Defendants. | |

Electronic Recyclers International, Inc. (ERI) has sued Calbag Metals Co., alleging Calbag did not pay for shipments of recycled metal as promised. Calbag has argued in

---

[1] The Ninth Circuit has held that if a defendant's identity is not known before the complaint is filed, a "plaintiff should be given an opportunity through discovery to identify the unknown defendants." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quotation marks omitted) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). ERI is warned, however, that doe defendants will be dismissed if "it is clear that discovery would not uncover the[ir] identities, or that the complaint would be dismissed on other grounds." *Id.* (quotation marks omitted) (quoting *Gillespie*, 629 F.2d at 642). ERI is also warned that Federal Rule of Civil Procedure 4(m) is applicable to doe defendants. That rule provides the court must dismiss defendants who have not been served within 120 days after the filing of the complaint unless good cause is shown. *See Glass v. Fields*, No. 09-00098, 2011 U.S. Dist. LEXIS 97604 (E.D. Cal. Aug. 31, 2011); *Hard Drive Prods. v. Does*, No. 11-01567, 2011 U.S. Dist. LEXIS 109837, at *2–4 (N.D. Cal. Sep. 27, 2011).

1

response that it is not subject to this court's personal jurisdiction, or at least that the case should be transferred to Washington or Oregon. Calbag has moved to strike ERI's untimely opposition to its motion. The court held a hearing on February 27, 2015, at which Patrick Nichols appeared by telephone for ERI and Nikole Cunningham appeared for Calbag. Jim Perris, Senior Vice President of Calbag also was present at counsel table. After considering the parties' briefs and arguments at the hearing, the motion strike is GRANTED.

I.     BACKGROUND

ERI filed its complaint on August 28, 2014. Compl., ECF No. 1. Calbag soon consented to the jurisdiction of the magistrate judge, ECF No. 7, and on October 29, 2014, it filed a motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer to the Western District of Washington or the District of Oregon. Mot. Dismiss 1–2, ECF No. 8; Mem. P.&A. Mot. Dismiss 1:18–26, ECF No. 8-1. Calbag noticed a hearing on December 3, 2014. Mot. 1. At an initial status conference, ERI did not consent to the jurisdiction of a magistrate judge, and the case was reassigned to the undersigned Sacramento district judge. Minutes, ECF No. 11; Notice, ECF No. 12. The hearing was reset for December 5, 2014, in the Sacramento courthouse. Minute Order, ECF No. 13. ERI did not file a timely opposition or statement of non-opposition to Calbag's motion. On December 22, 2014, the court ordered ERI to file an opposition within twenty-one days or risk dismissal or transfer. Order Dec. 22, 2014, ECF No. 16. On January 13, 2015, twenty-two days later, ERI filed an untimely opposition. Opp'n Mot. Dismiss, ECF No. 17.

The next day, ERI filed an *ex parte* application for relief for its late opposition. *Ex Parte* App., ECF No. 21. ERI attached two chains of email correspondence to its *ex parte* application. In the first, a staff member of the law firm representing ERI emailed the court's CM/ECF help desk at 8:30 p.m. on the day ERI's opposition was due. Ex Parte App. Ex. 2, ECF No. 21-2. She received a response the next day at 11:20 a.m. informing her she had used incorrect credentials. *Id.* There is no record of any e-mail being sent to Calbag's counsel on the day the filing was due. The second set of email correspondence attached to ERI's motion is an exchange between Patrick Nichols, counsel for ERI, and Daniel Cho, counsel for Calbag. *Id.*

Ex. 3, ECF No. 21-3. Mr. Nichols emailed Mr. Cho at about 12:30 p.m. the day after ERI's opposition was due. *Id.* Ex. 3, at 3–4. He sought a stipulation for relief from the late filing and explained, "Due to technical difficulties with the electronic filing system yesterday, we were unable to file plaintiff's opposition." *Id.* Mr. Nichols later explained more completely, "We did not experience an ECF outage, however. Instead, due to a recent staff turnover, we did not have the correct login information to fully access the ECF and perfect the filing." *Id.* Ex. 3, at 2. Mr. Cho did not agree to a stipulation and Calbag moved to strike the opposition as untimely. Mot. Strike, ECF No. 18. ERI's opposition to the motion to strike was timely. Opp'n Mot. Strike, ECF No. 22.

On February 27, 2014, the court held the hearing on the motion to strike. ERI's counsel did not attend the hearing, mistakenly appearing at the District's Fresno Division. Counsel for Calbag, present at the hearing, agreed to ERI's appearance by telephone and the court allowed it.

II.  DISCUSSION

The Local Rules of this district warn litigants that "[f]ailure of counsel . . . to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110. A federal district court has "inherent power to police itself," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991), including the power to control its docket by appropriate sanction, *Hernandez v. City of El Monte*, 138 F.3d 393, 398–99 (9th Cir. 1998). This power includes the power to strike an untimely opposition after repeated tardiness. *Timbisha Shoshone Tribe v. Kennedy*, No. 09-1248, 2010 WL 582054, at *2 (E.D. Cal. Feb. 18, 2010).

ERI's carelessness has caused delay, inconvenience, and unnecessary expense. Calbag filed its motion in October of last year, and ERI's opposition was originally due in November. After a twenty-one day reprieve, ERI had not yet filed an opposition. ERI's only explanation was that an inexperienced staff member had not provided correct login credentials and was unable to reach the court's support staff after business hours on the day its opposition was due. The Local Rules foreclose this argument. *See* E.D. Cal. L.R. 134(c)(3) ("Problems on

the filer's end . . . will not constitute a technical failure under these procedures nor excuse an untimely filing. . . . If electronic filing is not possible in any form, the party may file a paper document, shall annotate on the cover page that electronic filing was not possible because of technical reasons, and shall file electronically as soon as possible."). Especially when considered in light of the delay ERI caused when it first ignored its duty to oppose Calbag's motion in November, its explanation falls short.

ERI deepens this impression of sloppiness by overlooking the correct location of the hearing. But having declined to stipulate to magistrate judge jurisdiction, ERI was on notice that it would be required to appear in Sacramento for any hearings set in this matter.

III.     CONCLUSION

The motion to strike is GRANTED. While the pending motion to dismiss or transfer has been submitted, should the court later determine oral argument is necessary to clarify any matter, ERI may not be heard in opposition to the motion. *See* E.D. Cal. L.R. 230(c).

IT IS SO ORDERED.

DATED: March 5, 2015.

_____
UNITED STATES DISTRICT JUDGE